**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WIRELESS MEDIA INNOVATIONS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 13-1545-SLR-SRF |
| LEAPFROG ENTERPRISES, INC., | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

On September 5, 2013, plaintiff Wireless Media Innovations, LLC ("WMI") filed this action against defendant LeapFrog Enterprises, Inc. ("LeapFrog") alleging infringement of United States Patent Nos. 6,148,291 ("the '291 patent") and 5,712,789 ("the '789 patent"). (D.I. 1) Pending before the court is LeapFrog's motion to transfer venue to the Northern District of California. (D.I. 13) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the following reasons, I recommend that the court deny LeapFrog's motion to transfer. (D.I. 13)

## II. BACKGROUND

WMI is a Delaware limited liability company that was formed by an organizer located in Texas. (D.I. 14 at 3; D.I. 15, Exs. 10-11) Additionally, WMI's manager, a limited liability corporation named Auctus, maintains its principal place of business in Texas. (D.I. 14 at 3; D.I. 15, Exs. 13-14)

LeapFrog is a Delaware corporation with its principal place of business located in Emeryville, California. (D.I. 14 at 3) LeapFrog designs and manufactures educational products for children. (*Id.*) LeapFrog has no offices, employees, marketing, or sales operations in

Delaware, and does not own property in Delaware. (*Id.* at 3-4) LeapFrog maintains its documents, information, and tangible things in California. (*Id.* at 4) All alleged acts of infringement in the present matter occurred at LeapFrog's distribution center in California.[1] (*Id.* at 6)

## III. STANDARD OF REVIEW

Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g.*, *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

Referring specifically to the analytical framework described in *Helicos*, the court starts with the premise that a defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the

---

[1] Although LeapFrog sells its products nationally, WMI does not accuse any of LeapFrog's education products of infringement. Instead WMI alleges that "at least one yard management system and operative methods associated therewith to monitor the locations, movement, and load statuses of shipping containers at facilities" used by LeapFrog infringes the patents-in-suit. (D.I. 1 at ¶¶ 11-12, 15-16)

movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879 (citation omitted).

The Third Circuit goes on to recognize that,

> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Id.* (citation omitted). The Court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

> The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

## IV. ANALYSIS

As this court has previously emphasized, transfer motions affect federal comity and are discretionary decisions by the trial court. *See, e.g., McRo, Inc. v. Activision Blizzard, Inc.*, 2013 WL 6571618, at *2 (D. Del. Dec. 13, 2013). Therefore, there is no bright line guidepost

directing the outcome. Each case is independently considered pursuant to the *Jumara* analysis. *Id.*

WMI does not dispute that it could have brought the instant lawsuit in the Northern District of California and, therefore, that requirement shall not be addressed further. *See* 28 U.S.C. § 1404(a). The court next considers the *Jumara* factors.

**A. Choice of Forum**

"The deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate reason." *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) (internal citations omitted). As noted above, a party's state of incorporation is a traditional and legitimate venue. In the present matter, both WMI and LeapFrog have chosen to avail themselves of the rights, benefits, and obligations afforded by Delaware law by incorporating in Delaware. *See Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 754 (D. Del. 2012), mandamus denied *sub nom. In re Altera Corp.*, 494 F. App'x 52 (Fed. Cir. 2012). Where, as here, all parties are incorporated in Delaware, this court generally defers to the plaintiff's choice of forum. *See id.*; *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2012 WL 5289782, at *3 (D. Del. Oct. 25, 2012). This factor weighs against transfer.

When analyzing a defendant's forum preference, the court examines whether the defendant can articulate rational, legitimate reasons to support that preference. *See, e.g., Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 201 (D. Del. 1998). LeapFrog prefers to litigate this case in the Northern District of California because its principal place of business, relevant documents, and the majority of its employees and witnesses with knowledge relevant to the issues in the case are located within that state. (D.I. 14 at 3, 15, 13-14) Moreover, WMI has

not countered LeapFrog's assertion that the merits of the litigation are focused upon the operations of its Fontana distribution center in California. While a defendant's preference for an alternative forum is not given the same weight as a plaintiff's preference, *see Altera*, 842 F.Supp.2d at 755, LeapFrog has sufficiently articulated legitimate reasons to support its preference for transfer. Therefore, this factor weighs in favor of transfer.

**B. Where the Claims Arise**

Next, the court considers where the alleged acts of infringement occurred. A claim for patent infringement arises wherever someone has committed acts of infringement, to wit, "makes, uses, offers to sell, or sells any patented invention" without authority. *See generally* 35 U.S.C. § 271(a); *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (an infringement claim "arises out of instances of making, using, or selling the patented invention"). LeapFrog argues that the court should defer to its forum preference because all of the alleged acts of infringement arise from operations at its only distribution center, which is located in California. (D.I. 14 at 1) WMI does not dispute that all of the alleged acts of infringement occur only in California. This factor weighs in favor of transfer.

**C. The Parties' Relative Size**

In assessing the convenience of the parties, the district court focuses on the parties' relative physical and financial condition. In this case, LeapFrog is the larger company and does not deny that it has a national presence. (D.I. 14 at 11) LeapFrog's allegations of inconvenience are contradicted by the fact that it voluntarily chose to incorporate in Delaware and has been a

party to two other lawsuits in the District of Delaware.[2] *See Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 357 (D. Del. 2009) (internal citations omitted) ("[W]hen a corporation chooses to incorporate in Delaware and accepts the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware."); *Intellectual Ventures*, 842 F. Supp. at 756 (concluding that "a Delaware corporation must expect an uphill climb in proving that it is, in any meaningful sense, 'inconvenient' to defend its actions in the forum in which the corporation has freely chosen to create itself."); *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 572-73 (D. Del. 2001) ("[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient."). This factor weighs against transfer.

**D. The Convenience of the Witnesses**

As the Third Circuit in *Jumara* implicitly recognized, litigation is an inconvenient exercise. When considering the "convenience of the witnesses" factor, the focus is, specifically, whether witnesses "actually may be unavailable for trial in one of the fora," that is the determinative factor in the transfer analysis. *Jumara*, 55 F.3d at 879. "[I]n reviewing a motion to transfer, courts frequently look to the availability of witnesses as an important factor, as it can be relevant to protecting a defendant's opportunity to put on its case with witnesses who will appear in person at the trial." *Andrews Int'l, Inc. v. Indian Harbor Ins. Co.*, C.A. No. 12-775-LPS, 2013 WL 5461876, at *3 (D. Del. Sept. 30, 2013) (internal quotations and citations omitted). The court must consider both whether the witness' testimony will be critical at trial

---

[2] In one case, LeapFrog was the plaintiff alleging patent infringement. See *LeapFrog Enters. v. Fisher-Price Inc.*, Civ. A. No. 03-927. In the second case, LeapFrog did not dispute venue. See *Seiko Epson Corp. v. Giantplus Tech. Co.*, Civ. A. No. 11-296.

and whether the witness has expressed an unwillingness to testify without a subpoena. *ADE*, 138 F. Supp. 2d at 569-71. The court should also "be particularly concerned not to countenance undue inconvenience" to non-party fact witnesses with first-hand knowledge, who have no direct connection to the litigation. *Altera*, 842 F. Supp. 2d at 757.

LeapFrog contends that this factor weighs strongly in favor of transfer because LeapFrog's potential witnesses are not located in Delaware, and non-party witnesses are not subject to the subpoena power of this court. (D.I. 14 at 13-14) LeapFrog provides the identities and includes supporting declarations for many of the non-party witnesses it claims are unable or unwilling to travel to Delaware for a trial. (*Id.*; D.I. 16; D.I. 18; D.I. 19) According to LeapFrog, many of these witnesses possess first-hand knowledge of the events giving rise to the lawsuit and LeapFrog believes these witnesses are "essential to LeapFrog's non-infringement positions." (D.I. 14 at 13)

According to WMI, it is unreasonable to suggest that LeapFrog cannot induce its long-time business partners to cooperate in the defense of this litigation. WMI alleges that the traditional route of testimony by deposition will be available, and the inventors and initial assignee of the patents-in-suit are both located in Ohio. (D.I. 25 at 8-9, 4)

The parties do not dispute that nearly all relevant non-party witnesses may be beyond the reach of this court's legal process.[3] In support of its motion to transfer, LeapFrog provides the declarations of potential non-party witnesses Network Global Logistics, LLC ("NGL"),

---

[3] The reach of a subpoena for non-party witnesses pursuant to Rule 45 is limited to a location "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1) (revised 12/2013).

Contact Security Inc., and Air Tiger Express (USA) Inc. ("Air Tiger"). Each of these declarations indicates that the companies will not require or ask their employees to attend trial in Delaware.[4] (D.I. 16; D.I. 18; D.I. 19) Although these fact witnesses may be compelled to sit for a deposition in California, this court has acknowledged that deposition testimony is not a complete substitute for live trial testimony. *See Graphics Properties Holdings Inc. v. Asus Computer Int'l, Inc.*, C.A. No. 12-210-LPS, 2013 WL 3295618, at *6 (D. Del. June, 28, 2013) (noting that deposition testimony "is a fallback that, in almost all instances, will prevent a miscarriage of justice."); *see also Linex Techs., Inc. v. Hewlett-Packard Co.*, C.A. No. 11-400-GMS, 2013 WL 105323, at *5 (D. Del. Jan. 7, 2013) ("It is enough that likely witnesses reside beyond the court's subpoena power and that there is reason to believe those witnesses will refuse to testify absent a subpoena."). In the present case, LeapFrog's assertions cannot be discounted as speculation in light of the declarations proffered.[5] Therefore, this factor weighs in favor of transfer.

---

[4] Citing *FastVDO LLC v. Paramount Pictures Corp.*, WMI challenges LeapFrog's assertion that the non-party witnesses and long-time business partners of LeapFrog will not produce employees to testify on LeapFrog's behalf without a subpoena. (D.I. 25 at 9) The court notes that the quoted language from *FastVDO* is in reference to the books and records factor, and does not address the availability of non-party witnesses. 947 F. Supp. 2d 460, 463 (D. Del. 2013) (finding that it was "unlikely they would refuse any reasonable request to produce information from their business partner in electronic format."). Contrary to WMI's position, this court has declined to rely on unsubstantiated predictions that a non-party will cooperate in supplying trial witnesses without a subpoena when evaluating this factor. *See Ricoh Co., Ltd. v. Aeroflex Inc.*, 279 F. Supp. 2d 554, 558 n.2 (D. Del. 2003).

[5] The court finds that, for purposes of the instant motion to transfer, LeapFrog has made a sufficient showing that the testimony of the proposed NGL witnesses may be critical at trial. *See ADE*, 138 F. Supp. 2d at 569. LeapFrog indicates that it plans to call three witnesses from NGL and an unspecified number of witnesses from Air Tiger and Contact Security Inc. (D.I. 14 at 13) WMI acknowledges the possibility that LeapFrog will call witnesses from NGL. (D.I. 25 at 9)

**E. Location of Books and Records**

Next, LeapFrog contends that all relevant documents are located outside of Delaware, and that most of the documents are located in California. (D.I. 14 at 15) However, WMI responds that the relevant documents are likely stored electronically. (D.I. 25 at 8) The Federal Circuit has instructed that, although advances in technology may alter the weight given to the location of books and records factor, "it is improper to ignore them entirely." *In re Link_A_Media Devices Corp.*, 662 F.3d at 1224. In the present case, LeapFrog has not identified any specific documents that cannot be produced electronically and it is likely that these documents will be produced in an electronic format. Therefore, this factor is neutral.

**F. Practical Considerations**

With respect to the public interest factors, LeapFrog contends that transferring the case to California would be practical due to the location of the witnesses, documents, and LeapFrog's headquarters. (D.I. 14 at 15) Additionally, LeapFrog argues that California would be no more or less convenient for WMI than Delaware. (*Id.* at 16) WMI does not dispute that the relevant evidence and witnesses are located in California or that LeapFrog would incur a much greater expense by litigating in Delaware rather than California. (D.I. 25 at 11) Instead, WMI argues that this factor alone is insufficient to support granting LeapFrog's motion. (*Id.* at 8)

When the proposed transfer is easier and less expensive for the defendant, and also no more burdensome for the plaintiff, then the practical considerations weigh in favor of transfer. *Stephenson v. Game Show Network, LLC*, 933 F.Supp.2d 674, 680 (D. Del. 2013). This factor

---

This court has observed that, in a typical patent trial, each party calls an average of three fact witnesses live for trial. *See Fortinet, Inc. v. FireEye, Inc.*, 944 F. Supp. 2d 352, 356 n.3 (D. Del. 2013).

weighs slightly in favor of transfer in the present case because trial in California would be easier and less expensive for LeapFrog and would not impose a greater burden on WMI.

**G. Local Interest in Deciding Local Controversies**

Although local interest in deciding local controversies generally does not apply in patent litigation, the instant case presents a unique set of circumstances because the alleged infringement occurs only in California. *See Fuisz Pharma LLC v. Theranos, Inc.*, C.A. No. 11-1061-SLR-CJB, 2012 WL 1820642, at *17 (D. Del. May 18, 2012). However, this case involves litigation solely between corporate citizens of Delaware, and Delaware also has a local interest "in the outcome of a significant legal dispute between its corporate citizens." *Id.* Therefore, this factor is neutral.

**H. Remaining *Jumara* Public Interest Factors**

Finally, the remaining *Jumara* public interest factors – the enforceability of a judgment, the public policies of the fora, and the familiarity of the judge with state law – are inapplicable and are therefore neutral.

LeapFrog has the burden of persuading the court that transfer is appropriate, not only for its convenience but in the interests of justice. In this case, WMI chose a legitimate forum that both parties have in common – its state of incorporation. Moreover, LeapFrog is a large corporation with a national presence. However, all of the alleged infringement occurred in California and non-party fact witnesses outside of this court's subpoena power have indicated their unwillingness to testify at trial in Delaware, weighing in favor of transfer. In similar cases involving factors that weigh both for and against transfer, this court has declined to elevate a defendant's convenience over the choice of a neutral forum selected by both parties as the situs of their incorporation. *See Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 678

(D. Del. 2013) (citing *Cradle IP, LLC v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 699-700 (D. Del. 2013)). For these reasons, I recommend that the court deny LeapFrog's motion to transfer.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court deny LeapFrog's motion to transfer venue. (D.I. 13)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: March 20, 2014

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE